UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
FRANCO BARTZIK RUBIO, :
:
Petitioner, :
:           23-CV-1423 (JMF)
-v- :
:           MEMORANDUM OPINION
SANDRA LETICIA MORALES LOPEZ, :                AND ORDER
:
Respondent. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner Franco Bartzik Rubio and Respondent Sandra Leticia Morales Lopez are former spouses who are engaged in a bitter custody fight in Mexico over their six-year-old child, A.B.M. Earlier this year, Bartzik Rubio filed this petition ("Petition") under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, 51 Fed. Reg. 10498, 19 I.L.M. 1501, and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011. The Petition seeks "the return" of A.B.M., who was allegedly "removed from Mexico" to this District by Morales Lopez without Bartzik Rubio's "consent or acquiescence." ECF No. 1 ("Pet."), ¶ 1. At the Court's prompting, the parties agreed in mediation to a resolution of this case (albeit not the underlying custody battle), *see* ECF No. 54, but regrettably their settlement later fell apart, *see* ECF No. 57. Morales Lopez now moves to dismiss the case as moot on the ground that A.B.M. is already in Mexico.

Morales Lopez invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see* ECF No. 37; ECF No. 37-1 ("Resp't's Mem."), at 1, but her motion is properly construed as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), *see, e.g.*, *Cortland St. Recovery Corp. v. Deutsche Bank AG*, No. 12-CV-9351 (JPO), 2013 WL 3762882, at *1 n.1

(S.D.N.Y. July 18, 2013).[1]  Although the party alleging jurisdiction typically bears the burden of proving it, *see, e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), the party arguing that a case has become moot — here, Morales Lopez — bears the burden with respect to mootness, and that burden "is a heavy one." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted); *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016); *Int'l Refugee Assistance Project, Inc. v. U. S. Citizenship & Immigr. Servs.*, 551 F. Supp. 3d 136, 152-53 (S.D.N.Y. 2021).  That is because, "by the time mootness is an issue, the case has been brought and litigated, often . . . for years.  To abandon the case at an advanced stage may prove more wasteful than frugal." *Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191-92 (2000).

The Court finds that Morales Lopez has carried her burden and that the case must be dismissed as moot.  "To prevail on a Hague Convention child custody claim, a petitioner must establish by a preponderance of the evidence that: '(1) the child was habitually resident in one

---

[1]  In the alternative, the Court could and does convert the motion to one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, as both parties have submitted extrinsic evidence and (as noted below) Bartzik Rubio was granted discovery on the issue of where A.B.M. is located.  *See, e.g.*, *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425, 430 (S.D.N.Y. 2019) (noting that, when presented with extrinsic evidence on a motion to dismiss, a court may convert the motion to a summary judgment motion and that "the essential inquiry . . . is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings" (cleaned up)).  Summary judgment is appropriate where the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016). In evaluating a motion for summary judgment, the Court must view all evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

State and has been removed to . . . a different State; (2) the removal . . . was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal.'" *Daunis v. Daunis*, 222 F. App'x 32, 34 (2d Cir. 2007) (summary order) (quoting *Gitter v. Gitter*, 396 F.3d 124, 130-31 (2d Cir. 2005)). "The Convention's central operating feature is the return remedy." *Abbott v. Abbott*, 560 U.S. 1, 9 (2010). That is, while a court adjudicating a petition under the Hague Convention may order a child returned to his or her country of habitual residence, it must leave decisions regarding custody arrangements to the courts of the country of habitual residence. *See id.* at 20. It follows that where there is no dispute as to a child's country of habitual residence *and* the child has returned to that country, courts generally dismiss as moot petitions brought pursuant to the Hague Convention. *See, e.g.*, *Burton v. Oyekan*, 95-CV-5849, 1996 WL 591285, at *1 (S.D.N.Y. Oct. 15, 1996); *Allman v. Coyle*, 319 F. Supp. 2d 540, 542-43 (E.D. Pa. 2004); *In re Mahmoud*, 96-CV-4165 (RJD), 1997 WL 43524, at *2 (E.D.N.Y. Jan. 24, 1997); *Garcia v. Segovia*, No. 17-CV-239, 2017 WL 6757647, at *2 (W.D.N.C. Nov. 22, 2017).[2]

That is the situation here. First, there is no dispute that Mexico is A.B.M.'s country of habitual residence. Pet. ¶ 6; ECF No. 64 ("Pet'r's Opp'n"), at 2-3; Resp't's Mem. 1. And second, the record confirms that A.B.M. is in Mexico (and likely has been for nearly the entire duration of this case). Morales Lopez has submitted a sworn declaration attesting that A.B.M. is currently residing in Mexico and, with the exception of a three-day shopping trip to McAllen,

---

[2] By contrast, where the child's country of habitual residence is contested, the child's return does not moot the case because that determination bears on whether the return resolves the matter or whether a "re-return" order is appropriate. *See, e.g.*, *Chafin v. Chafin*, 568 U.S. 165, 173-76 (2013); *Fawcett v. McRoberts*, 326 F.3d 491, 494-96 (4th Cir. 2003). For similar reasons, appeals of orders granting or rejecting a return request are not moot because reversal could alter the outcome of the litigation. *See, e.g.*, *Chafin*, 568 U.S. at 173-74; *In re Filipczak*, 513 F. App'x 16, 18 (2d Cir. 2013) (summary order). These scenarios are not present here.

3

Texas, near the Mexico border, in May 2023, "has been in Mexico continuously since March 12, 2023." ECF No. 65-1 ("Resp't's Aff."), ¶¶ 2, 11-13. She has also submitted photographs of A.B.M. in Mexico with date, time, and location stamps, including one taken as recently as November 3, 2023. ECF No. 65-2. Significantly, Bartzik Rubio does not present any evidence (let alone admissible evidence) to the contrary — even though the Court granted him discovery on the question of mootness. *See* ECF Nos. 24, 32. At best, he points to an Amber Alert identifying A.B.M. as missing that was issued in Mexico on August 20, 2023. *See* Pet'r's Opp'n 64 & Ex. 2. But the Amber Alert (which is almost certainly inadmissible hearsay) was apparently deactivated within days, *see* Resp't's Aff. ¶ 13; *see also* ECF No. 65-12, and it appears to have been generated in the first instance by Bartzik Rubio's own unverified complaints to the Mexican police, *see* Resp't's Aff. ¶¶ 11-13; *see also* ECF No. 64-2. Making matters worse, it came only a few months after a Mexican court deactivated an earlier Amber Alert that was also apparently orchestrated by Bartzik Rubio — and granted Morales Lopez a protective order. *See* ECF No. 65-11; *see also* Resp't's Aff. ¶¶ 11-13. In short, the Amber Alert is no evidence that A.B.M. is (or remains) outside of Mexico, let alone that she is (or remains) in the United States.

Lacking evidence that A.B.M. is outside of Mexico, and in this District in particular, Bartzik Rubio seeks to avoid dismissal by invoking the exception to mootness for cases that are "capable of repetition, yet evading review." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022) (citation omitted); *see* Pet'r's Opp'n 9-11. The exception is available when "(1) the plaintiff [has] a 'reasonable expectation' that it will be subject to the same challenged action again, and (2) the challenged conduct [is] of 'too short [a duration] to be fully litigated' before its cessation." *Exxon Mobil Corp.*, 28 F.4th at 395. "This facet of the mootness doctrine . . . is

4

applicable only in exceptional situations." *Id.* at 395-96 (quoting *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996)).[3] This is not one of those "exceptional situations." It is true that an earlier petition brought by Bartzik Rubio pursuant to the Hague Convention was dismissed as moot when Morales Lopez and A.B.M. returned to Mexico. *See Bartzik Rubio v. Morales Lopez*, 22-CV-2588 (PGG), ECF No. 33 (June 8, 2022). But that is not enough to conclude that Bartzik Rubio has a "reasonable expectation" that he will face "the same challenged action again" or, for that matter, that "the challenged conduct [is] of 'too short [a duration] to be fully litigated' before its cessation." *Exxon Mobil Corp.*, 28 F.4th at 395.[4] At bottom, Bartzik Rubio offers nothing more than "mere speculation that the parties will be involved in a dispute over the same issue." *Dennin*, 94 F.3d at 101 (cleaned up); *accord Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998) ("Nor will it suffice to hypothesize the possibility that at some future time, under circumstances that could only be guessed at now, the parties could theoretically become embroiled in a like controversy once again." (citing

---

[3]  Morales Lopez suggests that the exception does not apply in the Hague Convention context. *See* Resp't's Mem. 4 & n.1. The Court is skeptical of this categorical claim. For one, a case that Morales Lopez herself cites considered the exception (though concluded that it did not apply on the facts). *See Burton v. Oyekan*, 1996 WL 591285, at *1; *see* Resp't's Mem. 3. For another, as Bartzik Rubio argues, were Morales Lopez correct, a parent "could circumvent the Hague Convention in perpetuity by ferrying the child back and forth across the border after a petition has been filed." Pet'r's Opp'n 8-9. In any event, the Court need not and does not reach the issue because, as discussed below, the facts here do not support application of the exception.

[4]  On top of that, it is worth noting that Morales Lopez alleges that the earlier Hague Convention proceeding "was intentionally orchestrated by [Bartzik Rubio], in a way which can only be described as a set-up." Resp't's Aff. ¶ 4. Specifically, she alleges — and submits WhatsApp messages tending to show — that Bartzik Rubio had consented to her travel with A.B.M. to New York, even though he had, earlier, placed a "migratory alert" on her and A.B.M. *See id.*; *see also* ECF No. 65-5.

*Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam))); *Haley v. Pataki*, 60 F.3d 137, 141 (2d Cir. 1995). That is not enough to avoid dismissal on mootness grounds.[5]

For the foregoing reasons, Morales Lopez's motion is GRANTED, and the Petition is DISMISSED as moot. That does not, of course, mean that the dispute at the heart of this case — over the custody of A.B.M. — is moot; far from it. But "what is ultimately at issue in this case, in human if not legal terms, that is, the welfare of [A.B.M.], is in good hands in the courts of the [Mexico], where there is jurisdiction to deal with custody issues, and where those courts are free to consider broadly the welfare of [A.B.M.]." *Burton*, 1996 WL 591285, at *1. It is in those courts, not this Court, that Bartzik Rubio must seek further relief.

The Clerk of Court is directed to terminate ECF No. 37, to enter judgment consistent with this Memorandum Opinion and Order, and to close this case.

SO ORDERED.

Dated: November 20, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[5] Whether Morales Lopez's motion is treated as a Rule 12(b)(1) motion or a Rule 56 motion, there is no need or basis to hold an evidentiary hearing or trial. *See* Pet'r's Opp'n 11 (arguing that the Court should hold an evidentiary hearing). Speculation and "conclusory allegations that factual disputes exist" are not enough to warrant a hearing, *see, e.g., Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000), or trial, *see, e.g., Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).